## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Robert A. Piccolo

February 3, 1988

Case No. (Criminal) 53156

By JUDGE THOMAS J. MIDDLETON

This matter is before the Court on Defendant's Motion for a New Trial. In support of his motion, Defendant alleges the existence of new evidence recently discovered which would establish his innocence of speeding to elude. After reviewing the arguments orally presented, as well as the applicable law, the Court finds that it is without power to grant Defendant a new trial. Consequently, Defendant's motion is denied.

Under the Rules of the Virginia Supreme Court, a trial court must grant a new trial if it sets aside a verdict based upon newly-discovered evidence. Rule 3A:15(c). However, under Rule 3A:15(b), the motion initiating that action must be made by the accused not later than twenty-one days after entry of a final order. See Bacigal, *Virginia Criminal Procedure*, § 21-3 at 260 (1983); *see also Joyner v. Commonwealth*, 192 Va. 471 (1951). In addition, under Rule 1:1, a final judgment remains under the control of the trial court and is subject to modification, vacation, or suspension for only twenty-one days after the date of entry, and no longer. This rule applies to orders granting new trials based on newly discovered evidence. *Smith v. Commonwealth*, 207 Va. 459 (1966).

Defendant's Motion for New Trial was filed on January 20, 1988, forty-eight days after the date of entry of

4

the final order in this case. The final order was entered on December 3, 1987. Consequently, Defendant's motion is untimely under Rule 3A:15(b). Moreover, at this juncture and by virtue of the finality provision of Rule 1:1, the Court is without power to set aside the verdict and grant a new trial.

Consequently, the Court denies Defendant's Motion for a New Trial and will enter the attached order.